**In re the Marriage of Denise LARSON, Petitioner, Respondent,**

v.

**Tim LARSON, Appellant.**

No. C8-86-1362.

Court of Appeals of Minnesota.

Feb. 10, 1987.

Janet C. Werness, Southern Minnesota Regional Legal Services, Inc., St. Paul, for respondent.

Kevin F. Mark, Holst, Vogel, Erdmann & Vogel, Red Wing, for appellant.

Considered and decided by RANDALL, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is an appeal from an order denying a motion for modification of custody without an evidentiary hearing. We reverse and remand.

## FACTS

Appellant Tim Larson and respondent Denise Larson were divorced in 1982. Denise was awarded custody of the two children, Tim, Jr., who was eight at the time of the modification motion, and Jessica, who was six.

Tim brought an earlier motion for a change of custody in April 1983. He alleged that Denise's boyfriend was living in the home, that she had moved four times in the last year and one-half, that she failed to properly care for the home or for the children's clothing and medical needs, and that she smoked marijuana in the home. A custody evaluation was conducted by social services and a full evidentiary hearing held. The motion was denied, without findings.

Tim brought another modification motion in March 1986. He again alleged frequent changes of residence, claiming Denise had moved seven times since the 1983 order. He claimed his son had expressed anxiety over these changes. Tim claimed that Denise's boyfriend at the time of the hearing had moved out, contrary to earlier testimony they would marry, and that she had three other male housemates.

Tim repeated his allegation that Denise smoked marijuana in front of the children. He claimed she did so while she and the children were in the car, and that Tim, Jr. had told him this.

Tim submitted a transcript of a criminal trial at which Denise testified against a man charged with the sale and possession of cocaine. At trial, Denise testified she had purchased cocaine from the defendant. The date of this purchase was May 20, 1985. She also admitted trading marijuana for cocaine with another man, and selling marijuana or cocaine to a third individual. She received immunity in exchange for her testimony.

Denise submitted a counter-affidavit asserting that her changes of residence had resulted in only one change of school and

that the children were doing well in school. She submitted statements from their teachers, along with their report cards.

Denise denied she had had live-in boyfriends and claimed she took in boarders because she needed the rent. She denied using marijuana in front of the children, and denied any present use of drugs. She alleged that the children had been abused by Tim's wife during visitation. She stated she had maintained employment for three years, with increases in pay and responsibilities.

The trial court's order denying a change in custody or an evidentiary hearing found that appellant had not made a preliminary showing of a significant change of circumstances since 1983, or of circumstances endangering the children. *See* Minn.Stat. § 518.18(d), (d)(iii) (1984).

## ISSUE

Did the trial court err in denying the modification motion without an evidentiary hearing?

## ANALYSIS

The supreme court has held that to obtain an evidentiary hearing on a motion to modify custody the moving party must:

set forth sufficient justification, if the facts alleged therein are true, for the modification.

\* \* \* \* \* \*

As a practical matter, the burden is upon the movant to establish satisfactorily on a preliminary basis that there has occurred a significant change of circumstances * * *.

*Nice-Petersen v. Nice-Petersen,* 310 N.W.2d 471, 472 (Minn.1981).

Tim argues that his affidavit did set forth sufficient facts to warrant an evidentiary hearing. He contends the trial court erred in disregarding evidence presented at the 1983 hearing. He claims this evidence is necessary to show what change has occurred since the last hearing. *See Chafin v. Rude,* 391 N.W.2d 882, 888 (Minn.Ct. App.1986).

The statute requires the court to decide a modification motion:

upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order * * *.

Minn.Stat. § 518.18(d). We need not decide whether this language includes a prior order denying a modification. *Cf. Blomgren v. Blomgren,* 386 N.W.2d 378 (Minn.Ct. App.1986) (discussing whether a modification of child *support* should consider facts occurring before a prior denial of modification).

The recent allegations are very similar to those considered in the 1983 hearing: cohabitation, frequent changes of residence, and drug use affecting the children. The statute, however, while requiring recent evidence, does not bar evidence of a similar nature. The alleged changes in residence and of male occupants all occurred after the 1983 hearing, and the admission of cocaine purchase and use was less than a year before the 1986 motion.

The 1983 decision does not bar a later hearing on similar facts. The mother's lifestyle may have a greater effect on the children as they grow older and more aware. This appears to be the gist of the current allegations, particularly with respect to the older child.

We note that the 1983 custody report concluded Denise's lifestyle was arguably "taking its emotional and psychological toll" on the children. The record does not show why the custody study recommended continuing custody with Denise. An evidentiary hearing is justified, however, in light of the mother's possibly escalating drug use and continuing changes of residence and male occupants, all having increasingly harmful effects on the children.

Denise presented an affidavit, in part contradicting and in part explaining, or mitigating, Tim's allegations. *See* Minn.Stat. § 518.185 (1984). Those allegations, however, if taken as true, establish a change of circumstances justifying an evidentiary

hearing. *Nice-Petersen,* 310 N.W.2d at 472. We believe the reports of the children's success in school do not sufficiently alleviate concern about the children's home life raised by the affidavit.

### DECISION

The trial court erred in declining to order an evidentiary hearing.

Reversed and remanded.