In re the Matter of the CHILD OF Emily EVENSON and Ryan Heinen, Parents.

No. A06–1217.

Court of Appeals of Minnesota.

April 3, 2007.

Richard E. Ziegler, Shoemaker & Ziegler, Detroit Lakes, MN, for appellant Emily Evenson.

DeAnn M. Pladson, Maring Williams Law Office, P.C., Fargo, ND, for respondents Kevin and Elizabeth Evenson.

Considered and decided by
KALITOWSKI, Presiding Judge;
HALBROOKS, Judge; and ROSS, Judge.

## OPINION

ROSS, Judge.

Emily Evenson appeals from the denial of her custody-modification motion to regain legal and physical custody of her five-year-old son, D.E., from D.E.'s maternal grandfather and step-grandmother. Evenson argues that the district court failed to give due weight to the presumption of parental fitness enjoyed by a natural parent in a custody dispute with a nonparent. Because Evenson's presumption of parental fitness was overcome when the district court transferred custody from her and we conclude that the presumption, once lost, is not automatically revived in a custody-modification motion, we affirm.

## FACTS

Becker County officials removed sixteen-month-old D.E. from the care of his mother, Emily Evenson, in July 2002 because of neglect. The state initially placed D.E. with his maternal grandmother but soon removed him after she left him unattended to visit a liquor store. The county then placed D.E. with Kevin and Elizabeth Evenson, his maternal grandfather and step-grandmother.

In January 2003, the county petitioned the district court to transfer permanent legal and physical custody of D.E. to Kevin and Elizabeth Evenson. In April 2003, the district court found that Emily Evenson admitted the allegations of neglect asserted in the permanency petition. The court also found that placing D.E. with Emily Evenson was not a viable option and that transfer of custody was the least restrictive alternative short of termination of her parental rights. The district court therefore granted the petition and ordered that D.E. be placed in the permanent legal and physical custody of Kevin and Elizabeth Evenson. The court granted Emily Evenson supervised visitation.

Three months later, police arrested Emily Evenson, who was then pregnant with her second child, A.E., for possessing methamphetamine. The county filed a petition for A.E.'s protection or services to commence at his birth in March 2004, though he was never removed from Emily Evenson's custody. The county dismissed the petition regarding A.E. in August 2004 because Evenson had complied with her case plan, participated in treatment, and participated in drug screens with clean results. She successfully completed an out-patient drug-treatment program in September 2004 and has been drug- and alcohol-free since September 2003.

In February 2005, Emily Evenson moved to modify custody of D.E. to replace Kevin and Elizabeth Evenson as his sole legal and physical custodian. The district court appointed a custody evaluator and a parental evaluator. At the time of the April 2006 modification hearing, Emily Evenson was in the final semester of a two-year paralegal program and had achieved a 4.0 grade-point average over her first two semesters. Although the custody and parental evaluator agreed that Emily Evenson has the capacity and ability to parent effectively, each recommended against modifying custody. The custody evaluator testified that D.E. has a strong attachment to Kevin and Elizabeth Evenson that should not be disrupted. She believed that a change in custody might emotionally and psychologically damage D.E. The parental evaluator opined that D.E. has an ambivalent attachment to Emily Evenson while his attachment to Kevin and Elizabeth Evenson is secure. He testified that disrupting that secure bond would harm D.E. The parental evaluator identified D.E.'s cognitive and emotional immaturity and Emily Evenson's lack of a formal recovery-support system as reasons that a change in custody would not be in D.E.'s best interests.

The district court denied Emily Evenson's custody-modification motion. The court concluded as a matter of law that the presumption of Emily Evenson's parental fitness had been overcome by the prior custody order granting Kevin and Elizabeth Evenson legal and physical custody. The court found that each statutory factor concerning the best interests of the child either weighs equally in favor of the parties or favors maintaining custody with Kevin and Elizabeth Evenson. It determined that Emily Evenson's behavioral improvements were not material and did not support a change in custody. This appeal follows.

## ISSUE

Does a parent continue to have a presumption of parental fitness in a proceeding to modify a custody-transfer order when the presumption was overcome in a prior child-protection adjudication that transferred legal and physical custody from that parent because of neglect?

## ANALYSIS

 Emily Evenson challenges the district court's denial of her custody-modification motion. Our review of custody determinations is limited to deciding whether the district court abused its discretion by making findings unsupported by the evidence or by improperly applying the law. *Silbaugh v. Silbaugh,* 543 N.W.2d 639, 641 (Minn.1996). A district court has broad discretion in resolving custody disputes, including disputes between a natural parent and a third party, and its findings of fact will not be disturbed unless they are clearly erroneous. *In re Custody of N.A.K.,* 649 N.W.2d 166, 174 (Minn. 2002). While the basis for the district court's custody determination should be stated with particularity, we review the record in the light most favorable to the district court's findings. *Frauenshuh v. Giese,* 599 N.W.2d 153, 156 (Minn.1999); *Durkin v. Hinich,* 442 N.W.2d 148, 151 (Minn.1989).

 Among other statutory bases not relevant here, a district court may not modify a prior custody order unless it finds that a change in circumstances occurred and that modification is necessary to serve the best interests of the child. Minn.Stat. § 518.18(d) (2004); *Johnson–Smolak v. Fink,* 703 N.W.2d 588, 591 (Minn.App.2005).[1] The change in circumstances must be significant. *Durkin,* 442

N.W.2d at 152. But the guiding principle in child-custody matters is to satisfy the best interests of the child, *Durkin,* 442 N.W.2d at 152, and the law "leaves scant if any room for an appellate court to question the [district] court's balancing of best-interests considerations." *Vangsness v. Vangsness,* 607 N.W.2d 468, 477 (Minn. App.2000).

Emily Evenson does not specifically challenge the district court's findings on the statutory factors addressing the best interests of the child. Rather, she argues that the district court erred by failing to apply broadly the presumption of parental fitness that ordinarily supports the natural parent who is engaged in a custody dispute with others. She argues that despite the overarching best-interests-of-the-child standard, a district court must still find extraordinary circumstances before a natural parent's child may be placed with a nonparent. Her contention ignores the fact that presumptions may be lost and that, once lost, they generally no longer bear on the matter.

 We recognize that a strong custodial presumption favoring a natural parent over a third-party exists, and that it may be overcome only by a showing that the natural parent is unfit or has abandoned her right to custody, or that extraordinary circumstances require depriving her of custody. *Wallin v. Wallin,* 290 Minn. 261, 264–65, 187 N.W.2d 627, 629–30 (1971); *see also Mize v. Kendall,* 621 N.W.2d 804, 808 (Minn.App.2001) (noting that biological parents are entitled to custody unless parental shortcomings exist or parental custody is not in the best interests of the child), *review denied* (Minn. Mar. 27, 2001). The presumption of pa-

---

1. The parties and the district court have relied exclusively on section 518.18 rather than section 260C or 257C.04. We express no opin-ion regarding the applicability of those sections and analyze the dispute under section 518.18.

rental fitness therefore is overcome only when grave reasons support custody with a nonparent, like those required to justify termination of parental rights. *In re Welfare of P.L.C.*, 384 N.W.2d 222, 225 (Minn. App.1986).

But the presumption of fitness is not invincible. It is merely a preliminary inference in favor of maintaining custody with a natural parent in a contest with a nonparent; that it may be overcome demonstrates its impermanence. And there is no dispute that the district court's 2003 order transferring legal and physical custody overcame Emily Evenson's presumption of parental fitness. The presumption favoring parental custody may be overcome if "there has been established on the [parent's] part neglect, abandonment, incapacity, moral delinquency, instability of character or inability to furnish the child with needed care," or if custody otherwise would not be in the child's best interests. *N.A.K.*, 649 N.W.2d at 174–75 (quotation omitted) (alteration in original). At trial on Emily Evenson's custody-modification motion, she admitted that she had been charged with neglecting D.E., which stemmed from her drug use. Because her neglect was established during the initial permanency hearing by her admission, her parental presumption of fitness was overcome when she lost custody. Emily Evenson fails to offer a convincing argument demonstrating when and how she regained the presumption. We hold that once the presumption of parental fitness has been overcome in a custody proceeding establishing neglect, the presumption no longer exists and is not automatically revived to support a motion by the noncustodial, natural parent seeking to modify the prior custody order.

Our decision in *Johnson–Smolak* supports this holding. In that case, a noncustodial father moved to modify custody in a dispute between the father and the child's maternal grandmother. *Johnson–Smolak*, 703 N.W.2d at 590. The district court found that the father failed to meet the statutory modification standard and it denied his motion. *Id.* at 591. Like Emily Evenson, the father argued on appeal that the district court erred as a matter of law by failing to consider his custodial right as a natural parent. *Id.* at 592. We rejected this argument and held that the district court properly found that the parental presumption had been previously overcome by a stipulated agreement between the parties to share joint legal and physical custody and by the eight-year span that the child lived exclusively with his maternal grandmother. *Id.* Emily Evenson's circumstances argue even more compellingly that the presumption of parental fitness was overcome here. In contrast to a stipulation to share custody such as we considered in *Johnson–Smolak*, Emily Evenson admitted a claim of child neglect and consequently lost all legal and physical custody through the underlying proceeding. We conclude that the district court properly considered and discounted the presumption of parental fitness.

Our holding does not suggest that a district court may not take into account natural parentage when a parent seeks to modify an adverse custody order; the nature of the relationship may still bear on the best-interests analysis even if the parent no longer benefits from the presumption of fitness. Here, the district court made careful and particular findings on each statutory best-interests factor. *See* Minn.Stat. § 518.17, subd. 1(a) (2004) (listing 13 factors for determining child's best interests). These findings are supported by the record, and the district court's thoughtful and clear discussion demonstrates considerable attention to the salient circumstances. The district court

recognized Emily Evenson's commendable improvements, but it found that these improvements were insufficient to warrant a change in legal and physical custody.

## DECISION

The district court correctly refused to presume Emily Evenson's parental fitness when analyzing her motion to modify a custody order that had divested her of custody after she admitted neglect. The presumption of fitness that arises from the natural parent-child relationship may be lost, and once lost it does not automatically revive. The district court appropriately applied the best-interests factors and did not abuse its discretion by denying the custody-modification motion.

**Affirmed.**