**FISCHER SAND & AGGREGATE, INC., Appellant,**

v.

**COUNTY OF DAKOTA, Respondent.**

No. A09–0295.

Court of Appeals of Minnesota.

Sept. 8, 2009.

Gerald S. Duffy, Steven J. Weintraut, Melanie J. Triplett, Siegel, Brill, Greupner, Duffy & Foster, P.A., Minneapolis, MN, for appellant.

James C. Backstrom, Dakota County Attorney, Michael R. Ring, Assistant County Attorney, Hastings, MN, for respondent.

Considered and decided by WORKE, Presiding Judge; HUDSON, Judge; and JOHNSON, Judge.

## OPINION

WORKE, Judge.

Appellant challenges the district court's conclusion that the status of appellant's land as an agricultural preserve expires eight years after the relevant authority is notified. Appellant argues that, under Minn.Stat. § 473H.08 (2008), agricultural-preserve status expires eight years after the form provided by the Commissioner of Agriculture was filled out by the landowner. We affirm.

## FACTS

Appellant Fischer Sand & Aggregate, Inc., produces, sells, and distributes aggregate products, including gravel and sand. On April 14, 2003, appellant purchased 320 acres in Empire Township from Doyle Farm Family Limited Partnership, general partner, G. George Doyle. The land was within an agricultural-preserve program, regulated under the Metropolitan Agricultural Preserves Act (MAPA). *See* Minn.Stat. §§ 473H.01 to .17 (2008). Appellant was aware of the agricultural-preserve status and that mining operations were not permitted until the property was removed from preserve status.

On August 11, 2000, three years prior to the sale, Doyle filled out the form provided by the Commissioner of Agriculture (commissioner) that initiates expiration of a metropolitan agricultural preserve. Doyle inserted the date "8/11/08" on the form as the expected date that the land would expire from preserve status. Doyle held onto the form and did not deliver the form to be recorded. The form was not recorded with Dakota County property records until April 18, 2003. The parties stipulated that the relevant authority under the statute is Empire Township. Empire

Township acknowledged that the form was not recorded until April 18, 2003.

In 2007, appellant applied for a mineral-extraction interim-use permit and a plan amendment for rezoning the land for mineral extraction. Empire Township approved the permit and plan amendment, conditioned on the expiration of the land from preserve status. Appellant expressed its intention to begin mining operations on August 11, 2008, eight years after Doyle filled out the form. Dakota County, however, informed appellant that the agricultural preserve would not expire until April 18, 2011, eight years after the form was recorded with the county recorder.

Appellant then commenced this action, seeking a declaration that the agricultural-preserve status expires on August 11, 2008. In interpreting Minn.Stat. § 473H.08, the district court concluded that the eight-year expiration period does not commence until the form is delivered to the relevant authority under the statute. The district court found that appellant notified the relevant authority on April 18, 2003, the date the form was recorded; and, therefore, the court set the expiration date as April 18, 2011. This appeal follows.

### ISSUE

When does the eight-year expiration period in Minn.Stat. § 473H.08 commence?

### ANALYSIS

■ "The application of the law to the stipulated facts is a question of law, and thus is freely reviewable" by this court. *Morton Bldgs., Inc. v. Comm'r of Revenue,* 488 N.W.2d 254, 257 (Minn.1992). "When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (citation and quotation omitted). This court will interpret words and phrases under their plain and ordinary meaning. *Frank's Nursery Sales, Inc. v. City of Roseville,* 295 N.W.2d 604, 608 (Minn. 1980). And we will construe a statute to ascertain and effectuate the legislature's intent in order to give effect to all of its provisions. Minn.Stat. § 645.16 (2008). "[N]o word, phrase, or sentence should be deemed superfluous, void, or insignificant." *Schroedl,* 616 N.W.2d at 277.

■ Appellant argues that the plain and ordinary meaning of "notice" as used within the statute means the notice form that is provided by the commissioner. We disagree. Subdivision 2 provides that "[a] landowner may initiate expiration by *notifying* the authority *on a form* provided by the commissioner of agriculture. The notice shall describe the property for which expiration is desired and shall state the date of expiration which shall be at least eight years from the date of notice." Minn.Stat. § 473H.08, subd. 2 (emphasis added). Under the plain and ordinary meaning of the words in the statute, *notice* to the relevant authority is accomplished *using* the form provided by the commissioner. Therefore, we conclude that the eight-year expiration period commences when the landowner delivers the form provided by the commissioner to the relevant authority under the statute. If the legislature had intended to allow the eight-year expiration period to begin when the form was simply filled out by the landowner, it would have stated so in the statute.

Appellant also argues that the plain and ordinary meaning of the phrase "date of expiration" in the statute means that the landowner must set the expiration date by writing it on the form, as Doyle did here. The statute provides that the form provided by the commissioner shall state the date of expiration which shall be at least eight years from the date of notice. *Id.* We have already concluded that "notice" occurs when the relevant authority receives the completed form. Therefore, the "date of notice" is the date that the form is delivered to the relevant authority, not the date written on the form by the landowner. Thus, appellant's argument fails.

■ Appellant further argues that the overall purpose of MAPA is to protect and benefit landowners who enroll in the program and to give them the opportunity to terminate those benefits on the date they write on the form. The legislature enacted MAPA to encourage the long-term use and improvement of agricultural lands in the metropolitan area. Minn.Stat. § 473H.01, subd. 2. The purpose of MAPA is to "provide an orderly means by which lands ... designated for *long-term* agricultural use ... will be taxed in an equitable manner reflecting the *long-term* singular use of the property." *Id.* (emphasis added). "The [legislature's] intent and purpose of [MAPA] is to protect agricultural land from high taxes, various forms of local governmental regulations, and to furnish other benefits to the landowners." *Madson v. Overby,* 425 N.W.2d 270, 275 (Minn.App.1988).

We conclude that the overall purpose of MAPA is to protect agricultural lands for long-term periods by providing benefits and incentives to landowners so that they will enroll in the program, not to simply benefit and protect landowners who are enrolled and allow them to terminate those benefits with no restrictions. Therefore, interpreting Minn.Stat. § 473H.08, subd. 2, to mean that the eight-year expiration period commences when the form is delivered to the relevant authority does not contradict the overall purpose of MAPA.

Finally, appellant argues that Minn.Stat. § 473H.08 should not impose a filing requirement on the landowner. The statute merely provides a notification requirement, and it is a mere coincidence here that the date of notification was the same as the date of recording. The statute requires the landowner to notify the relevant authority, which in turn forwards the notice to the county recorder. Minn.Stat. § 473H.08, subd. 4. There is no indication that Empire Township was notified prior to April 18, 2003, and the fact that the form was recorded by appellant does not create a filing requirement.

# DECISION

The eight-year expiration period in Minn.Stat. § 473H.08, subd. 2, commences when the form provided by the Commissioner of Agriculture is delivered to the relevant authority. Therefore, the eight-year expiration period here commenced when the form was recorded on April 18, 2003.

**Affirmed.**