# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A13-2175

In re the Marriage of:

Denise Louise Spanier, petitioner,
Appellant,

vs.

Terence Urban Spanier,
Respondent.

**Filed August 18, 2014**
**Affirmed**
**Cleary, Chief Judge**

Hennepin County District Court
File No. 27-FA-08-4988

Carla C. Kjellberg, Kjellberg Law Office, PLC, St. Paul, Minnesota (for appellant)

Elizabeth A. Schading, Barna, Guzy & Steffen, Ltd., Minneapolis, Minnesota (for respondent)

Considered and decided by Cleary, Chief Judge; Larkin, Judge; and Klaphake, Judge.[*]

# S Y L L A B U S

On a motion to modify custody under Minn. Stat. § 518.18(d) (2012), an order that does not modify physical or legal custody is not a "prior order" for purposes of determining whether a change of circumstances has occurred since the last custody order.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**O P I N I O N**

**CLEARY**, Chief Judge

In this child-custody dispute, appellant Denise Spanier appeals a district court's denial of her motion to modify custody without an evidentiary hearing. She argues that the district court erred by holding that she did not allege facts constituting a change of circumstances under Minn. Stat. § 518.18(d). Because the district court did not abuse its discretion in concluding that appellant did not allege facts constituting a change of circumstances, we affirm.

**FACTS**

Appellant and respondent Terence Spanier have three children. The two older children were born to respondent and his now-deceased first wife, and they were later adopted by appellant. The youngest child is the biological child of both parties and was born during their marriage. In the present custody dispute, appellant seeks custody of the two youngest children.

From the time the parties were married in 2001 until 2007, appellant was the primary caretaker of the children. After joining the Navy Reserve on a part-time basis, appellant was deployed abroad in 2007 and 2008, during which time respondent was the primary caretaker of the children. Appellant subsequently enlisted full time in the Navy Reserve and signed a contract to go to California in April 2008. However, prior to moving, the parties' marriage failed. They began living apart in September 2008, and were divorced by order entered on October 20, 2009.

The parties' divorce decree granted them joint legal custody and respondent sole physical custody of the children, subject to parenting time for appellant. At the time of the divorce decree, respondent was living in Minnesota. Appellant was enlisted full time in the Navy Reserve and was stationed in San Diego, California, with orders to deploy to the Middle East. She was subsequently deployed to Jordan from August 2009 to March 2010.

In September 2010, appellant accepted an assignment in Minnesota. She filed a motion to modify custody and parenting time in November 2010. Before the hearing on appellant's motion, the parties agreed to maintain the standing custody arrangement, and respondent continued to have sole physical custody of the children. In addition, the parties agreed to modify their respective parenting time. Specifically, they stipulated that "[b]eginning January 15, 2011, for as long as [appellant] resides in Minnesota, the parties will have" equal parenting time. An order was filed on December 23, 2010, memorializing the parties' agreement regarding parenting time. Appellant returned to Minnesota in January 2011.

In September 2013, appellant brought the present motion to modify custody after receiving orders to deploy to Arlington, Virginia, effective March 2014. Appellant asserted that there had been a "change of circumstances" within the meaning of Minn. Stat. § 518.18(d) because her "Minnesota tour of duty is ending and [she] now [has her] next set of orders in Arlington, VA." She also maintained that moving with her would be in the best interests of the children. On October 15, 2013, the district court filed an order denying appellant's motion to modify custody. The district court determined that

3

because appellant was on full-time duty in the Navy Reserve at the time of the parties' divorce, and knew then that she could be deployed to other locations, the planned move to Virginia did not constitute a change of circumstances under the statute. The district court denied appellant's motion without holding an evidentiary hearing. This appeal followed.

## ISSUE

Did the district court err by denying appellant's motion to modify custody without an evidentiary hearing?

## ANALYSIS

Appellant challenges the district court's denial, without an evidentiary hearing, of her motion to modify custody under Minn. Stat. § 518.18(d). "A district court is required under section 518.18(d) to conduct an evidentiary hearing only if the party seeking to modify a custody order makes a prima facie case for modification." *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008). On appeal from a district court's denial, without an evidentiary hearing, of a motion to modify custody, we make three determinations. First, "whether the district court properly treated the allegations in the moving party's affidavits as true, disregarded the contrary allegations in the nonmoving party's affidavits, and considered only the explanatory allegations in the nonmoving party's affidavits," is reviewed de novo. *Boland v. Murtha*, 800 N.W.2d 179, 185 (Minn. App. 2011). Second, the district court's determination as to the existence of a prima facie

4

case for modification is reviewed for an abuse of discretion. *Id.*[1] Lastly, "we review de novo whether the district court properly determined the need for an evidentiary hearing." *Id.* "Whether a party makes a prima facie case to modify custody is dispositive of whether an evidentiary hearing will occur on the motion." *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 292 (Minn. App. 2007).

Minn. Stat. § 518.18(d) states that a court "shall not" modify a custody order unless it finds, "upon the basis of facts . . . that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or the parties and that modification is necessary to serve the best interests of the child." Section 518.18(d) places the burden on a party seeking modification of a custody order "to establish satisfactorily on a preliminary basis that there has occurred a significant change of circumstances from the time when the original or amended custody order was issued." *Nice-Petersen v. Nice-Petersen*, 310 N.W.2d 471, 472 (Minn. 1981). "The change in circumstances must be significant." *In re Child of Evenson*, 729 N.W.2d 632, 635 (Minn. App. 2007), *review denied* (Minn. June 19, 2007). Additionally, there "must be a real change and not a continuation of ongoing problems." *Roehrdanz v. Roehrdanz*, 438 N.W.2d 687, 690 (Minn. App. 1989), *review denied* (Minn. June 21, 1989). The change in circumstances "must have occurred since

---

[1] Appellant asserts that we should conduct a de novo review of the district court's denial of her motion to modify custody, citing *Ross v. Ross*, 477 N.W.2d 753 (Minn. App. 1991). This reading of *Ross*, however, was rejected in *Boland*. *See Boland*, 800 N.W.2d 182, 184.

5

the original custody order; it cannot be a continuation of conditions existing prior to the order." *Geibe v. Geibe*, 571 N.W.2d 774, 778 (Minn. App. 1997).

In its order, the district court made a number of factual findings before concluding that appellant had not alleged facts that would establish that there has been a significant change of circumstances. The district court first noted that the 2010 order provided that parenting time would be equal "for as long as [appellant] resides in Minnesota" and that respondent would retain sole physical custody of the children. The court also concluded that appellant is on active duty in the Navy and that the children "have always lived, attended school and participated in activities in Minnesota." It also found that at the time of the divorce decree, appellant was on full-time duty in the Navy Reserve, "with the knowledge that she could be deployed to various locations under the terms of her employment." Based upon these determinations, the district court concluded that "the same circumstances"—appellant's service in the Navy and knowledge that she could be deployed anywhere—were present when she returned to Minnesota in 2011, and were the reason for the planned move to Virginia. The court held that "[t]here has been no change in circumstances if the articulated change is her move to Arlington, Virginia as a result of the same employment condition the parties were aware of in 2009 and 2010 and after."

The parties first disagree as to which court order should be used as a basis for determining whether there has been a change of circumstances. Under section 518.18(d), a change-of-circumstances determination must be based on "facts . . . that have arisen since the prior order." Appellant maintains that the district court erred in failing to consider the 2010 order, based on the parties' stipulation to equal parenting time while

6

she was living in Minnesota, as the "prior order" for purposes of a change-of-circumstances analysis under section 518.18(d). Respondent asserts that the divorce decree, entered when appellant was living in California, constitutes the prior order under section 518.18(d).

Although the 2010 order is captioned "CUSTODY AND PARENTING TIME ORDER," it did not modify legal or physical custody of the children; it only modified parenting time. There is no controlling case law addressing whether a custody order, that does not modify physical or legal custody, should be considered a "prior order" under section 518.18(d).

We are persuaded that under the language in section 518.18(d), "prior order" is properly read as referring to either an original order granting custody or a subsequent order modifying custody, and it does not include orders that modify parenting time only and that do not modify custody. In interpreting statutes, our goal is to "ascertain and effectuate the intention of the legislature." *Brua v. Minn. Joint Underwriting Ass'n*, 778 N.W.2d 294, 300 (Minn. 2010) (quotation omitted). We interpret words and phrases according to their plain and ordinary meaning. *Fischer Sand & Aggregate, Inc. v. Cnty. of Dakota*, 771 N.W.2d 890, 892 (Minn. App. 2009). Preceding the reference to a "prior order" in section 518.18(d), the provision states that a "court shall not modify a *prior custody order*." Minn. Stat. § 518.18(d) (emphasis added). A plain reading of this provision indicates that "prior order" refers to a "prior custody order." Although the term "custody order" is not explicitly defined in chapter 518, it is generally understood to refer to a court ruling that either alters an existing award or awards physical custody, legal

7

custody, or both. *See generally* Minn. Stat. § 518.17, subd. 3(a) (2012) (captioned "Custody order" and requiring dissolution judgments to address the legal and physical custody of children and their support). *But see* Minn. Stat. § 645.49 (2012) (stating that "[t]he headnotes printed in boldface type before sections and subdivisions in editions of Minnesota Statutes are mere catchwords to indicate the contents of the section or subdivision and are not part of the statute"). Physical and legal custody are concepts that are separate and distinct from "parenting time." *See generally* Minn. Stat. § 518.003, subds. 3(a), (c), 5 (2012) (providing different definitions of "legal custody," "physical custody and residence," and "parenting time"). Because they are separate and distinct concepts, a "custody determination" in a "custody proceeding" that awards or modifies "parenting time," but does not award and does not modify physical custody, legal custody, or both, is not a "custody order" for purposes of Minn. Stat. § 518.18(d). This reading is consistent with the statutory scheme, in which modification of parenting time and modification of custody are governed by different standards under different statutory provisions. *Compare* Minn. Stat. § 518.175, subd. (5) (2012) (providing the circumstances in which a court may modify parenting time), *with* Minn. Stat. § 518.18 (2012) (addressing motions to modify custody). Additionally, courts consistently rely on the language in *Nice-Petersen*, stating that to obtain custody modification, the movant must establish "on a preliminary basis that there has occurred a significant change of circumstances *from the time when the original or amended custody order was issued*." 310 N.W.2d at 472 (emphasis added); *see, e.g., Goldman*, 748 N.W.2d at 284 (quoting *Nice-Petersen*). Because "prior order" in section 518.18(d) is properly read as referring

8

to either an original order granting custody or a subsequent order modifying custody, and does not include orders that modify parenting time only, the district court did not err in evaluating the claim of changed circumstances by comparing the present circumstances to those in place at the time of the original custody order in 2009.

Appellant argues that in focusing on the circumstances of her employment in the Navy, the district court "ignored the actual change of circumstances, the move away from the residency of the children, the significant reduction of parenting time[,] and the loss of regular contact with the children." Appellant maintains that the court applied something resembling a foreseeability standard, i.e., that if the change in circumstances was foreseeable, it does not constitute a change in circumstances. In support of her argument, appellant cites *Larson v. Larson*, 400 N.W.2d 379 (Minn. App. 1987). *Larson* involved the denial of a motion to modify custody, in which there were allegations against the custodial parent of cohabitation, frequent changes of residence, and drug use. 400 N.W.2d at 380. Similar allegations had been made in a previous unsuccessful motion for a change of custody brought by the noncustodial parent. *Id.*[2] In reversing the district court's order finding that there was no significant change of circumstances, we held that "while requiring recent evidence, [the statute] does not bar evidence of a similar nature." *Id.* at 381-82. The court observed that an evidentiary hearing was justified "in light of the [custodial parent's] possibly escalating drug use and continuing changes of residence and male occupants, all having increasingly harmful effects on the children." *Id.* at 381.

---

[2] The court did not decide whether a "prior order" under section 518.18(d) includes "a prior order denying a modification." 400 N.W.2d at 381.

9

Appellant's reliance on *Larson* is misplaced. The relevant change of circumstances in *Larson* related to the behavior of the custodial parent. Here, appellant requests that the panel consider her own continued employment necessitating periodic relocations as a change of circumstances. This is significantly different from evaluating the escalation of dubious behavior of a custodial parent on a motion brought by the noncustodial parent, as was the case in *Larson*.

Appellant also asserts that *Larson* stands for the proposition that courts focus on "the real change of circumstances including the increased impact of the mother's lifestyle on the children's life." Appellant is essentially asserting that the district court should have considered the consequences of her move to Virginia when analyzing whether a significant change of circumstances has occurred. Her assertions as to the consequences of her move to Virginia are more appropriately characterized as proffered reasons for why she believes it would be in the best interests of the children to live with her in Virginia. Such a characterization is supported by her articulation of the consequences she alleges will result from her move to Virginia under a heading in her affidavit entitled "Best Interest of the Children." However, appellant must also allege facts that constitute a significant change in circumstances. She has failed to do so.

When the parties divorced and physical custody was granted to respondent, appellant was enlisted full time in the Navy Reserve, living in another state, and had orders to deploy abroad. Appellant's articulated change of circumstances—her move to Virginia because of her service in the Navy Reserve—presents the same situation as at the time of the original custody order. Before the parties' divorce, appellant chose to join

10

the Navy Reserve on a full-time basis, and her employment has continued to the present day. As the district court determined, appellant has been aware of the fact that her employment could result in deployment to locations away from the children. Her move to Virginia is a consequence of the circumstances of her employment, which have remained unchanged since the original custody order. Because appellant has not shown changed circumstances since the entry of the divorce decree and because changed circumstances are a necessary element of a prima facie case to modify custody, the district court did not abuse its discretion in determining that appellant has failed to allege a prima facie case to modify custody.

## DECISION

On a motion to modify custody under Minn. Stat. § 518.18(d), an order that does not modify physical or legal custody is not a "prior order" for purposes of determining whether a change of circumstances has occurred. Here, the district court did not err in evaluating the facts that have arisen since the parties' original custody order, rather than those that have occurred since the 2010 order modifying parenting time, and did not abuse its discretion in concluding that appellant has not alleged facts constituting a change of circumstances.

**Affirmed.**

11